Sergio SANCHEZ–DIAZ, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A08–58.

Supreme Court of Minnesota.

Dec. 24, 2008.

 

Deborah K. Ellis, Jennifer M. Macaulay, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Michael K. Junge, McLeod County Attorney, Glencoe, MN, for respondent.

## OPINION

DIETZEN, Justice.

In June 2004, Sergio Sanchez–Diaz was convicted of first-and second-degree murder in connection with the December 2001 stabbing death of Laura Vazquez Ruelas and her unborn child. He is currently serving a life sentence and a 306–month consecutive sentence. On direct appeal, we affirmed the convictions. Subsequently, Sanchez–Diaz filed a petition for postconviction relief that was denied by the postconviction court without an evidentiary hearing. The postconviction court also denied his motion for reconsideration. We affirm.

1. The facts of the case, and proceedings before the trial court, are set forth in detail in this court's opinion affirming Sanchez–Diaz's

## I.

In December 2001, Sanchez–Diaz, his pregnant girlfriend, and their nine-month-old son lived together in a mobile home park in Lester Prairie. On the night of the murder, the girlfriend was stabbed 13 times, resulting in her death and the death of her unborn child. Sanchez–Diaz, who does not speak English, was interviewed by law enforcement in the presence of an interpreter. The statements were later translated by the interpreter from Spanish into English and transcribed. Subsequently, it was discovered that there were "significant errors" in the transcriptions, and a court-appointed interpreter prepared a corrected transcription. Following a trial in April 2003, the jury returned its verdict and Sanchez–Diaz was convicted of both first-degree murder for the death of Ruelas, and second-degree murder for the death of her unborn child, and sentenced.[1] The district court imposed a life sentence and a consecutive 306–month sentence for the convictions.

On direct appeal, Sanchez–Diaz argued that (1) the evidence was not sufficient to support the conviction of first-degree murder; (2) the jury instruction defining a "past pattern of domestic abuse" was inaccurate because it did not require multiple prior acts of domestic abuse; (3) the district court abused its discretion by admitting pretrial statements of defendant that contained errors in translation; and (4) the 306–month consecutive sentence for second-degree murder of an unborn child unfairly exaggerated his criminality. We affirmed the conviction. *See State v. Sanchez–Diaz*, 683 N.W.2d 824 (Minn.2004).

Sanchez–Diaz filed a petition for postconviction relief in August 2007, asserting

conviction. *See State v. Sanchez–Diaz*, 683 N.W.2d 824, 826–31 (Minn.2004).

(1) ineffective assistance of trial counsel and (2) that the district court erred in declining to instruct the jury on a lesser-included offense to first-degree murder. On November 15, 2007, the postconviction court denied the petition without an evidentiary hearing on the ground that it was procedurally barred. On January 11, 2008, Sanchez–Diaz filed a motion for reconsideration in the district court and he filed a notice of appeal in this court and a motion to extend the time for filing a notice of appeal. We granted Sanchez–Diaz a 30–day extension to file an appeal. Subsequently, he sought a second extension to file his notice of appeal to allow the postconviction court sufficient time to rule on his motion for reconsideration.

By order dated February 19, 2008, we denied the motion, concluding that a second extension was precluded by the rules. Minn. R.Crim. P. 29.03, subd. 3. We stated that the January 11, 2008, notice of appeal was a timely appeal from the postconviction court's order of November 15, 2007, that denied relief, and stayed the appeal to allow the postconviction court to rule on Sanchez–Diaz's motion for reconsideration. Finally, we concluded that if the ruling of the postconviction court was adverse to Sanchez–Diaz, he could "file a supplemental notice of appeal in this appeal, appealing from that order, within 14 days of the order." Subsequently, the postconviction court filed its order denying the motion for reconsideration, but Sanchez–Diaz did not file a supplemental notice of appeal challenging that order.

## II.

■ On appeal Sanchez–Diaz argues that the district court erred when it summarily denied his postconviction claim of ineffective assistance of trial counsel.

When reviewing the decision of a postconviction court, we review questions of law de novo, but our review of questions of fact is limited to whether there is sufficient evidence in the record to support the findings of the postconviction court. *Leake v. State,* 737 N.W.2d 531, 535 (Minn.2007).

■ A person convicted of a crime may file a petition for postconviction relief under Minn.Stat. § 590.01, subd. 1 (2006). Allegations in a postconviction petition must be more than argumentative assertions without factual support; an evidentiary hearing is unnecessary if the petitioner fails to allege facts that are sufficient to entitle him to the relief requested. *Leake,* 737 N.W.2d at 535. The petitioner must prove alleged facts by a fair preponderance of the evidence. Minn.Stat. § 590.04, subd. 3 (2006); *State v. Rainer,* 502 N.W.2d 784, 787 (Minn.1993). The postconviction court must hold an evidentiary hearing "unless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2006). "Any doubts as to whether to conduct an evidentiary hearing should be resolved in favor of the party requesting the hearing." *State v. Rhodes,* 627 N.W.2d 74, 86 (Minn.2001) (citing *State ex rel. Roy v. Tahash,* 277 Minn. 238, 244, 152 N.W.2d 301, 305 (1967)).

■ In *State v. Knaffla,* we held that if a direct appeal has been taken on a conviction, all claims raised in that appeal, and all claims known at the time of that appeal but not raised, are procedurally barred and will not be considered in a subsequent petition for postconviction relief. 309 Minn. 246, 252–53, 243 N.W.2d 737, 741 (Minn.1976); *Leake,* 737 N.W.2d at 535. The *Knaffla* rule is subject to two excep-

tions: (1) if a claim is known to a defendant at the time of the direct appeal but is not raised, it will not be barred by the rule if the claim's novelty was so great that its legal basis was not reasonably available when direct appeal was taken; and (2) even if the claim's legal basis was sufficiently available, substantive review may be allowed when fairness so requires and when the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal. *Leake*, 737 N.W.2d at 535.

■ When a claim of ineffective assistance of trial counsel can be determined on the basis of the trial record, it must be brought on direct appeal or it is *Knaffla-*barred. *Torres v. State*, 688 N.W.2d 569, 572 (Minn.2004). But an ineffective-assistance-of-counsel claim is not *Knaffla-*barred when the claim requires examination of evidence outside the trial record and additional fact-finding by the postconviction court because it is not based solely on the briefs and trial court transcript. *Robinson v. State*, 567 N.W.2d 491, 494–95 (Minn.1997).

■ Sanchez–Diaz claims that his trial counsel was ineffective in two ways. First, he argues that statements made during closing argument indicated that counsel had not properly investigated the case and, therefore, did not know "his client's version of the events." Further, Sanchez–Diaz argues that when trial counsel highlighted discrepancies in the original and corrected transcripts of his pretrial statements, trial counsel indicated to the jury that counsel "did not know his client's versions of the events." Second, Sanchez–Diaz claims that his trial counsel erred in allowing both the original and the corrected transcription of his statements to go with the jury during its deliberations.

Sanchez–Diaz also argues that an evidentiary hearing is necessary to determine whether defense counsel failed to investigate the case.

The State argued, and the postconviction court agreed, that Sanchez–Diaz's claims were procedurally barred under *Knaffla.* The postconviction court dismissed the petition without an evidentiary hearing, concluding that Sanchez–Diaz was well aware of the "actions, arguments and statements made by his trial counsel" but failed to raise the issue of ineffective assistance in his direct appeal.

Because Sanchez–Diaz's claims of ineffective assistance of counsel can be determined on the trial court record, we conclude that his claim should have been brought on direct appeal and therefore is *Knaffla-*barred. An evidentiary hearing is not necessary to objectively determine the context and the meaning of trial counsel's statements to the jury. Similarly, it is undisputed that trial counsel requested, and the trial court allowed, the original and corrected statements by Sanchez–Diaz to go with the jury during its deliberations.

We next consider whether Sanchez–Diaz's claim fits within the two exceptions to *Knaffla.* We conclude that Sanchez–Diaz's claim of ineffective assistance of counsel is not novel and therefore could have been raised at the time of the direct appeal. Under the second *Knaffla* exception, we consider whether fundamental fairness requires that this court substantively review his claim.

We examine ineffective assistance of counsel claims under a two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Rhodes,* 657 N.W.2d 823, 842 (Minn.2003). To prevail

on such a claim, Sanchez–Diaz must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that a reasonable probability exists that the outcome would have been different but for counsel's errors. *Id.* A reasonable probability means a probability sufficient to undermine confidence in the outcome. *Id.* Under the prejudice prong, a defendant must show that counsel's errors actually had an adverse effect in that but for the errors the result of the proceeding probably would have been different. *Id.* The reviewing court considers the totality of the evidence before the judge or jury in making this determination. *Id.*

Generally, we will not review ineffective assistance of counsel claims based on trial strategy. *Opsahl v. State,* 677 N.W.2d 414, 421 (Minn.2004). Trial strategy includes the extent of counsel's investigation. *Id.* It also includes the selection of evidence presented to the jury. *White v. State,* 711 N.W.2d 106, 111 (Minn. 2006) (citing *State v. Miller,* 666 N.W.2d 703, 716 (Minn.2003)). But this court will examine trial strategy when it implicates fundamental rights. *Erickson v. State,* 725 N.W.2d 532, 536 (Minn.2007) (observing that defendant has a fundamental right to decide " 'whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal' ") (citing *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)).

Sanchez–Diaz argues that trial counsel's statements to the jury during the closing argument, and his request that Sanchez–Diaz's statements should go with the jury during its deliberations, were ineffective. The State contends that trial counsel's statements during closing argument that "we don't know," and his act of having Sanchez–Diaz's statements go with the jury during deliberations, was to emphasize that discrepancies in the transcriptions established that reasonable doubt existed as to Sanchez–Diaz's intent, and therefore the jury could not convict of first-degree murder.

We are persuaded that trial counsel's statements during closing argument, and his request that the jury have the transcriptions of Sanchez–Diaz's statements during its deliberations, were part of counsel's strategy to argue reasonable doubt to the jury. As a result, we conclude that counsel's statements and requests to the court did not infringe on Sanchez–Diaz's fundamental rights.

Sanchez–Diaz next argues that this court should modify the *Knaffla* rule regarding ineffective-assistance-of-counsel claims when a defendant is represented by a public defender on direct appeal. Specifically, he argues that the current *Knaffla* rule effectively precludes appellate review because defense counsel will not make a record of his or her ineffective representation. But appellant failed to present any evidence to support his claim. Specifically, he failed to allege facts that, if proved, would "affirmatively show that his attorney's representation fell below an objective standard of reasonableness, and that without the errors the result would have been different." *Wilson v. State,* 582 N.W.2d 882, 885 (Minn.1998). Consequently, the postconviction court did not err in concluding that Sanchez–Diaz's petition for postconviction relief did not fall within an exception to *Knaffla.*

### III.

Sanchez–Diaz argues that the district court erred in denying his motion for

reconsideration. Specifically, he contends that the affidavit of attorney Charles Hawkins, which was part of his motion for reconsideration, provides newly-discovered evidence that is not in the trial record. The State argues that Sanchez–Diaz failed to file a supplemental notice of appeal and, therefore, review of the postconviction court's order of March 14, 2008, is not properly before us.

In our order dated February 19, 2008, we stated: if the ruling of the district court on Sanchez–Diaz's motion for reconsideration is adverse, he may "file a supplemental notice of appeal in this appeal, appealing from that order, within 14 days of the order." Clearly, the ruling of the district court was adverse, and Sanchez–Diaz failed to file a supplemental notice of appeal. As a result, review of the district court order denying Sanchez–Diaz's motion to reconsider is not properly before us, and we decline to reach that issue.

■ But even if this court were to consider Sanchez–Diaz's motion to reconsider and the supporting affidavits, the motion fails to present sufficient facts necessary to require an evidentiary hearing, or raise new legal issues that would require relief. To be entitled to a new trial based on newly-discovered evidence, the defendant must show:

> (1) the evidence was not known to him or his counsel at the time of trial; (2) the failure to learn of the new evidence was not because of a lack of diligence; (3) "the evidence is material (or as we have sometimes said, is not impeaching, cumulative or doubtful)"; and (4) the evidence will probably produce an acquittal at a retrial or a more favorable result for the [petitioner].

*Pippitt v. State,* 737 N.W.2d 221, 226 (Minn.2007) (quoting *Race v. State,* 417 N.W.2d 264, 266 (Minn.1987)).

Sanchez–Diaz argues that "it is virtually impossible to establish the facts necessary to prove [ineffective assistance of counsel] based on the trial record because trial counsel would not likely make a record of his errors or deficiencies as compared to a reasonably competent attorney under the circumstances." Thus, he relies on the Hawkins affidavit to support his ineffective-assistance-of-counsel claim.

The Hawkins affidavit concludes that trial counsel was ineffective on the ground that he failed to investigate the case. Hawkins concludes that counsel's statements, that "we don't know," clearly demonstrate that counsel "failed to investigate the case." But the Hawkins affidavit does not state that an evidentiary hearing and additional fact-finding is necessary to determine whether trial counsel investigated the case. Instead, Hawkins' opinions and conclusions are based solely on his review of trial counsel's closing argument. The Hawkins affidavit does not raise any new ineffective-assistance-of-counsel claims, or present any new facts that would require an evidentiary hearing. Thus, Sanchez–Diaz's claim that an evidentiary hearing is necessary lacks merit.

Affirmed.