Timothy Patrick CHAMBERS,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A08–1588.

Supreme Court of Minnesota.

July 23, 2009.

Charles L. Hawkins, Minneapolis, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and G. Paul Beaumaster, Rice County Attorney, Benjamin Bejar, Assistant County Attorney, Faribault, MN, for respondent.

## OPINION

MEYER, Justice.

Appellant Timothy Patrick Chambers seeks review of a denial of his petition for postconviction relief. He alleges that his trial counsel was ineffective and that, at trial, the district court erred by not instructing the jury on lesser-included offenses. We affirm.

In 1998, Chambers was tried in connection with the death of Rice County Sheriff's Deputy John Liebenstein. Chambers was found guilty of first-degree murder of a peace officer engaged in official duties, Minn.Stat. § 609.185(4) (1998), second-degree felony murder, Minn.Stat. § 609.19, subd. 2(1) (1998), fleeing a peace officer resulting in death, Minn.Stat. § 609.487, subd. 4(a) (1998), and theft of a motor vehicle, Minn.Stat. § 609.52, subd. 2(17) (1998). On direct appeal, Chambers asserted nine different errors. *State v. Chambers*, 589 N.W.2d 466, 473 (Minn. 1999). Among those errors was the claim that the district court abused its discretion when it did not instruct the jury on lesser-included offenses. *Id.* at 478–79. We affirmed his conviction. *Id.* at 481.

In 2007, Chambers filed for postconviction relief, assigning five errors. The postconviction court denied Chambers' petition. Chambers asks us to review the postconviction court's determination, arguing that his trial counsel was ineffective, that he is entitled to an evidentiary hearing, and that, at trial, the district court erred when it declined to instruct the jury on lesser-included offenses. We affirm the decision of the postconviction court to deny Chambers' petition.

■ Chambers argues that he is entitled to a new trial because his trial counsel was ineffective. In *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), we held that if a direct appeal has been taken on a conviction, all claims raised in that appeal and all claims known at the time but not raised are procedurally barred in a subsequent petition for postconviction relief. The *Knaffla* rule was subsequently codified in Minn.Stat. § 590.01, subd. 1 (2008). When a claim of ineffective assistance of counsel can be determined from the trial record, it must be brought on direct appeal. *Sanchez–Diaz v. State*, 758 N.W.2d 843, 847 (Minn.2008). If, however, the claim requires examina-

tion of evidence outside the trial record and additional fact-finding, then the claim is not procedurally barred. *Id.*

■ The determination of whether trial counsel was ineffective is made under the two-prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Sanchez–Diaz*, 758 N.W.2d at 847. In order to prevail, the petitioner must show: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that the outcome would have been different but for the errors of counsel. *Id.* at 847–48.

■ Chambers argues that his trial counsel failed to renew a motion for change of venue at the conclusion of jury selection. Chambers further argues that his counsel failed to impeach, investigate, and elicit positive testimony from various witnesses.[1] All of Chambers' claims, however, are evident from the record. And, where a claim of ineffective assistance of counsel is clear from the record, it must be brought on direct appeal. *Id.* at 847. As a result, Chambers' claim is barred by *Knaffla.*

■ Chambers contends that his claim should not be barred because an evidentiary hearing is necessary to determine whether his trial counsel was ineffective. A postconviction petitioner is entitled to an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2008). After a postconviction court has summarily denied post-conviction relief, we review that decision under an abuse of discretion standard. *Sessions v. State*, 666 N.W.2d 718, 721 (Minn.2003). Any issues of law are reviewed de novo. *Leake v. State*, 737 N.W.2d 531, 535 (Minn.2007).

■ In order to obtain an evidentiary hearing, Chambers must allege facts sufficient to entitle him to the relief requested and must make allegations that are more than "argumentative assertions without factual support." *Sanchez–Diaz*, 758 N.W.2d at 846. "A postconviction court must evaluate whether, in light of the significance of the claimed error and the evidence presented at trial, a petitioner has raised and factually supported material matters that must be resolved in order to decide the postconviction issues on their merits." *State v. Rhodes*, 627 N.W.2d 74, 88 (Minn.2001). "The petitioner bears the burden of establishing by a fair preponderance of the evidence facts that warrant reopening the case." *McKenzie v. State*, 754 N.W.2d 366, 368–69 (Minn.2008). An evidentiary hearing is not necessary "if the petitioner does not allege facts sufficient to entitle him to the requested relief." *Id.* at 369.

Where, as here, the issue for an evidentiary hearing is ineffective assistance of counsel, we have held that "not every ineffective assistance of counsel claim will require an evidentiary hearing." *Rhodes*, 627 N.W.2d at 88. We have generally required that the petitioner factually support his claims with admissible evidence. For example, in *Rhodes*, we held that an evidentiary hearing was warranted based

---

1. Chambers also contends that his counsel failed to challenge the admissibility of his statements to police on direct appeal. Chambers' counsel did, however, argue the evidence was inadmissible on *Spreigl* grounds. *Chambers*, 589 N.W.2d at 476–77. To the extent that Chambers argues that the state-

ments should be inadmissible on other grounds, he does not provide any argument as to how he was prejudiced by the result. *Ives v. State*, 655 N.W.2d 633, 637 (Minn.2003) (requiring that prejudice be shown to succeed in a claim of ineffective assistance of appellate counsel).

on affidavits from experts and attorneys that the petitioner's trial counsel had failed to provide thorough rebuttal expert testimony. *Id.* Furthermore, the petitioner provided affidavits that trial counsel had not investigated witnesses who would have contradicted the State's evidence. *Id.* Similarly, in *Ferguson v. State,* 645 N.W.2d 437, 446 (Minn.2002), we ordered an evidentiary hearing based on newly-discovered evidence because the petitioner produced a "potentially admissible notarized statement" that a key witness had falsified his testimony.

Here, Chambers has not met his burden. The only new evidence provided by Chambers to support his claim of ineffective assistance of counsel is an affidavit by his trial counsel admitting that counsel should have renewed a motion for change of venue. The fact that his counsel did not renew that motion is clear from the record, as are Chambers' other allegations. Accordingly, Chambers has only provided "argumentative assertions without factual support." *Sanchez–Diaz,* 758 N.W.2d at 846. Because an evidentiary hearing is not necessary "if the petitioner does not allege facts sufficient to entitle him to the requested relief," *McKenzie,* 754 N.W.2d at 369, we affirm the decision of the postconviction court to deny an evidentiary hearing.

■ Chambers' final argument is that, at trial, the district court should have instructed the jury on the lesser-included offenses of criminal vehicular homicide and second-degree manslaughter. Chambers raised that issue on direct appeal, and we affirmed the district court's decision. Therefore, his claim is barred by *Knaffla,* and we affirm the postconviction court.

Chambers argues that *Knaffla* does not bar his claim because we articulated a new test for determining whether instructions must be given for lesser-included offenses

in *State v. Dahlin,* 695 N.W.2d 588, 595–96 (Minn.2005), and that the *Dahlin* test, if applied retroactively to this claim, would entitle Chambers to a new trial. Assuming without deciding that we would retroactively apply the *Dahlin* test to the jury instructions in this case, Chambers would not prevail.

In *Dahlin,* we employed a three-part test for determining whether a trial court is required to give a lesser-included offense instruction—the same test we used in *Chambers.* That test requires that: (1) the lesser offense is included in the charged offense; (2) the evidence provides a rational basis for acquitting the defendant of the offense charged; and (3) the evidence provides a rational basis for convicting the defendant of the lesser-included offense. *Dahlin,* 695 N.W.2d at 598; *see also Chambers,* 589 N.W.2d at 478. In *Dahlin,* we clarified the issue of what constitutes a "rational basis" for the jury to acquit the defendant of the greater offense and convict him of the lesser offense. We stated that district courts should not weigh the evidence or assess the credibility of witnesses. *Dahlin,* 695 N.W.2d at 595. Rather, district courts should view all the evidence "in the light most favorable to the party requesting the instruction." *Id.* at 598.

On Chambers' direct appeal, we concluded that Chambers could not have been acquitted of the offense of second-degree felony murder. A person commits second-degree felony murder if he "causes the death of a human being, *without intent* to effect the death of any person, while committing or attempting to commit a felony offense ... with force or violence." Minn. Stat. § 609.19, subd. 2(1) (1998) (emphasis added). We held that it was undisputed that Chambers killed Deputy Liebenstein while in the course of committing felony theft of a motor vehicle, Minn.Stat.

§ 609.52 (1998). *Chambers,* 589 N.W.2d at 479. We also held that it was undisputed that Chambers was acting "with force or violence" because he was engaged in high-speed flight in a stolen vehicle, "which resulted in several collisions prior to the final fatal collision." *Id.* Accordingly, we affirmed his conviction. Viewing the evidence in the light most favorable to Chambers, there is still no rational basis for a jury to acquit Chambers of second-degree felony murder and it was not error for the trial court to refuse to instruct on the lesser-included offenses of criminal vehicular homicide and second-degree manslaughter.

Affirmed.