*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0598**

Phillip Anthony Roberts, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 12, 2015
Affirmed
Stauber, Judge**

Ramsey County District Court
File No. 62-K7-02-003837

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Chutich, Presiding Judge; Stauber Judge; and Reilly, Judge.

UNPUBLISHED OPINION

**STAUBER**, Judge

Appellant challenges the district court's denial of his postconviction petition, arguing that the district court abused its discretion by concluding that the petition was time-barred and by denying his request for an evidentiary hearing. We affirm.

## FACTS

On August 26, 2002, St. Paul police officers videotaped appellant Phillip Anthony Roberts selling cocaine to a citizen informant. An employee of the St. Paul Police Department Crime Laboratory (the SPPDCL) analyzed the alleged drugs recovered from the informant and reported that the substance tested positive for cocaine and weighed 6.3 grams. Roberts was charged with second-degree controlled-substance crime.

On November 27, 2002, Roberts pleaded guilty to second-degree controlled substance crime; as part of the plea negotiation, a second charge of second-degree controlled substance crime from August 5, 2002, was dismissed. The prosecutor and Roberts' attorney jointly recommended that Roberts receive a 30-month executed sentence, an 18-month downward durational departure. Roberts signed a plea petition, in which he acknowledged the rights he was waiving and in which he stated that he was not making a claim of innocence. At the plea hearing, Roberts testified that he had been informed of and was waiving his trial rights and that the substance he sold was cocaine weighing more than three grams. In fact, he stated that the cocaine weighed more than six grams and he thought some of the cocaine was missing. Ultimately, the district court sentenced Roberts to 30 months in prison.

2

On December 20, 2013, Roberts filed a postconviction petition asking to withdraw his guilty plea. Roberts based his petition on the highly publicized problems at the SPPDCL, which were discovered in 2012 when defendants in Washington County challenged the results of drug testing done by the SPPDCL. Investigations revealed serious systemic errors in laboratory protocols and testing processes, and, as a result, the SPPDCL lost its certification. The Ramsey, Dakota, and Washington County attorneys submitted samples of suspected controlled substances to the Bureau of Criminal Apprehension (BCA) for retesting and reviewed all convictions from court and jury trials occurring after July 1, 2010. The county attorneys agreed that all convictions in which the retest revealed a negative result would be vacated. The new tests revealed that of 192 retested samples, 189 were accurate, two samples that previously tested negative were in fact positive, and one sample was incorrect, leading to vacation of that conviction.

On April 2, 2014, the district court denied Roberts's postconviction petition without an evidentiary hearing, concluding that his petition was time-barred and that Roberts had failed to show an exception to the time bar applied to his case. This appeal followed.

## D E C I S I O N

## I.

We review the district court's postconviction decision for an abuse of discretion. *Gulbertson v. State*, 843 N.W.2d 240, 244 (Minn. 2014). An abuse of discretion occurs when the "decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id*. (quotation omitted). This court reviews the district court's

factual findings for clear error and its legal conclusions de novo. *Id.* The petitioner has the burden of proving the allegations of the petition by a fair preponderance of the evidence. Minn. Stat. § 590.04, subd. 3 (2012); *Sanchez-Diaz v. State*, 758 N.W.2d 843, 846 (Minn. 2008).

A person convicted of a crime who claims that his conviction was obtained in violation of his constitutional rights may request withdrawal of his guilty plea. Minn. Stat. § 590.01, subd. 1 (2012); *see Lussier v. State*, 821 N.W.2d 581, 586 (Minn. 2012). A petition for postconviction relief must be filed within two years after the later of the entry of judgment of conviction, if no direct appeal was filed, or the final appellate disposition of the person's appeal. Minn. Stat. § 590.01, subd. 4 (2012). This time limitation bars postconviction relief unless one of five statutory exceptions can be shown. Minn. Stat. § 590.01, subd. 4(b)(1)-(5). An appellate court must determine first if the subdivision 4 exceptions to the time limitation apply before addressing the substantive claims of the petition. *Gassler v. State*, 787 N.W.2d 575, 582 (Minn. 2010). In this case, Roberts alleges two exceptions to the time limitations: the existence of newly discovered evidence that could not have been discovered through the exercise of due diligence within the two-year limitations period, and that his petition is not frivolous and should be granted in the interests of justice. Minn. Stat. § 590.01, subd. 4(b)(2), (5).

The district court found that Roberts's petition was time-barred under Minn. Stat. § 590.01, subd. 4, and that none of the subdivision 4 exceptions to the time limitation apply. Roberts pleaded guilty in 2002 to second-degree controlled-substance crime and filed his postconviction petition eleven years later, in 2013. The district court's

4

determination that his petition is time-barred is not an abuse of discretion unless one of the exceptions to the time limitation exists.

## II.

Roberts argues that the information about the problems at the SPPDCL satisfies the newly discovered evidence exception to the two-year time bar. Minn. Stat. § 590.01, subd. 4(b)(2).

> [T]his exception requires that the petitioner show that the evidence (1) is newly discovered; (2) could not have been ascertained by the exercise of due diligence by the petitioner or the petitioner's attorney within the 2-year time-bar for filing the petition; (3) is not cumulative to the evidence presented at trial; (4) is not for impeachment purposes; and (5) establishes by the clear and convincing standard that petitioner is innocent of the offenses for which he was convicted.

*Riley v. State*, 819 N.W.2d 162, 168 (Minn. 2012).

Although the discoveries about problems at the SPPDCL were in some sense "newly discovered" when news stories and court cases began discussing them in 2012, Roberts has not shown that he or his attorney could not have discovered the problems by the exercise of due diligence. Roberts argues that no one was aware of the problems until 2012, but the problems came to light then because defendants challenged lab results and procedures in their criminal cases.

This court recently issued an opinion affirming a denial of another postconviction petition by Roberts arising out of a 2005 drug conviction, which also alleged that problems at the SPPDCL were newly discovered evidence that operate as an exception to the time-bar of section 590.01, subdivision 4(b). *Roberts v. State*, 856 N.W.2d 287, 294

(Minn. App. 2014), *pet. for review filed* (Minn. Dec. 17, 2014).  This court concluded that Roberts had not demonstrated that he could not have discovered the deficiencies in the SPPDCL testing processes with due diligence.  *Id.* at 292.  We agree.  In this matter, Roberts never questioned the lab results, although he had the right to discover the results, to cross-examine the testing chemist, and to have the sample retested.  Simply put, Roberts exercised no diligence whatsoever.

Second, Roberts has not established by clear and convincing evidence that he is innocent of the charges.  Even setting aside the lab test results, he admitted under oath in 2002 that the substance he was selling was cocaine and that the weight of the material exceeded three grams.

> A guilty plea by a counseled defendant has traditionally operated, in Minnesota and in other jurisdictions, as a waiver of all non-jurisdictional defects arising prior to the entry of the plea.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the plea.

*State v. Jeffries*, 806 N.W.2d 56, 64 (Minn. 2011) (citations, quotation, and footnote omitted).  In the transcript of the plea hearing, the only question raised by Roberts that touched on the lab results was whether the weight was wrong; he believed there had been more cocaine, scarcely a claim of innocence.  *See Roberts*, 856 N.W.2d at 292 (noting that defendant never claimed that the substance tested was not cocaine and concluding that "establishing actual innocence requires evidence that renders it more likely than not

6

that no reasonable jury would convict"). Roberts has not offered any evidence that he is innocent of second-degree controlled-substance crime.

In order to avoid the time limitation of the postconviction statute because of newly discovered evidence, a petitioner must demonstrate all five criteria listed above. *Riley*, 819 N.W.2d at 168. Roberts has failed to establish these criteria by clear and convincing evidence.

### III.

In the alternative, Roberts argues that the interests-of-justice exception to the time-bar applies. A court may hear a petition otherwise time-barred if the petitioner alleges "that the petition is not frivolous and is in the interests of justice." Minn.Stat. § 590.01, subd. 4(b)(5). To consider a petition in the interests of justice, "the defendant must not have deliberately and inexcusably failed to raise the issue on direct appeal." *Gassler*, 787 N.W.2d at 586. The interests-of-justice exception is reserved for exceptional cases. *Id.*

A court may consider several factors in determining whether to apply this exception, including whether (1) the claim has substantive merit; (2) the defendant deliberately or inexcusably failed to raise the claim in a direct appeal; (3) the party alleging the error is at fault for the error; (4) the party defending the error is at fault; (5) fundamental unfairness to the defendant must be addressed; and (6) the court should act to "protect the integrity of judicial proceedings." *Id.* at 586-87.

In *Gassler*, scientific evidence that was later discredited was admitted at trial, a situation not unlike that in Roberts's case. *Id.* at 587. While acknowledging that the evidence was flawed and that the defendant's postconviction petition was delayed

7

because disclosure of the flaw occurred long after his conviction, the supreme court nevertheless concluded that ample evidence of guilt supported the conviction. *Id.*

> Given this evidence, we cannot say that the admission of [the flawed] testimony resulted in a trial so fundamentally unfair to [the defendant] as to require us to act to protect the integrity of the judicial process. Indeed . . . we conclude that it would be a miscarriage of justice to consider [his] petition in the interests of justice.

*Id.* The supreme court also noted that "under certain circumstances the *reversal* of a conviction may seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations omitted).

Unlike *Gassler*, Roberts was not tried and convicted by a jury based on flawed evidence; Roberts pleaded guilty after a complete and valid waiver of his trial rights. Although Roberts argues that he was convicted based on discredited results, that he could have been acquitted, and that the state failed to prove an essential element of the crime, in fact, Roberts waived those issues by pleading guilty. Nor is there any evidence in the record that Roberts was influenced in his decision to plead guilty by the lab test results; the entire discussion at the plea hearing revolved around a downward sentencing departure and a possible dispositional departure.[1] Roberts has not shown by clear and

---

[1] Roberts argues at length that the state should follow the lead of Massachusetts and Texas, where "lab scandals" also occurred. In Massachusetts, one lab assistant was indicted on charges of evidence tampering, perjury, obstruction of justice, and false claims of a graduate degree. *See, e.g., Commonwealth v. Scott*, 5 N.E.3d 530, 337 (Mass. 2014). In Texas, one lab technician used results from one case as evidence in other cases and fraudulently misrepresented results. *Ex Parte Coty*, 418 S.W.3d 597, 598-99 (Tex. Crim. App. 2014). The SPPDCL investigation did not reveal similar intentional conduct but rather sloppy procedures.

convincing evidence that he should be permitted to withdraw his guilty plea in the interests of justice.

## IV.

Roberts argues that the district court erred by refusing to hold an evidentiary hearing. A petitioner is entitled to a hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2012). "Any doubts about whether to conduct an evidentiary hearing should be resolved in favor of the [petitioner]." *Bobo v. State*, 820 N.W.2d 511, 516 (Minn. 2012).

Roberts pleaded guilty after being fully informed of his trial rights. He never challenged the lab results or asserted that the substance he sold was not cocaine. As the district court stated in its order, "[h]e freely and willingly relieved the State of its burden to prove their case against him by pleading guilty." He has made no connection between the SPPDCL problems in 2012 and his own evidence testing in 2002. The petition and files and record of Roberts's case show conclusively that he is entitled to no relief and thus an evidentiary hearing was not necessary.

**Affirmed.**