*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1416**

Desmon Demond Burks, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 20, 2016
Affirmed
Halbrooks, Judge**

Washington County District Court
File No. 82-K2-02-001901

Desmon Demond Burks, Terre Haute, Indiana (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Pete Orput, Washington County Attorney, Jessica L. Stott, Stillwater, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Halbrooks, Judge; and Smith, Tracy M., Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellant challenges the district court's summary dismissal of his petition for postconviction relief. Because we conclude that the district court properly denied relief, we affirm.

**FACTS**

Appellant Desmon Demond Burks was charged by formal complaint on March 25, 2002 with two counts of kidnapping, two counts of first-degree aggravated robbery, and one count of terroristic threats for events occurring on March 20-21, 2002. Pursuant to a plea agreement, Burks waived his right to a jury trial and pleaded guilty to one count of terroristic threats.

Burks was given a stayed sentence of 21 months subject to 5 years' probation. Burks violated his probation, which resulted in additional jail time. Burks's probation ended on June 30, 2007; he never filed a direct appeal. He was subsequently convicted of federal bank fraud in 2014. Upon his release from prison, Burks was notified of the requirement to register as a predatory offender under Minn. Stat. § 243.166 (2014).

Burks petitioned for postconviction relief on July 20, 2015. He sought application of the doctrine of equitable estoppel to the statute of limitations on his 2002 case, arguing that his conviction must be vacated because the state failed to disclose the imposition of mandatory predator-offender registration until after his release in 2014. Burks also argued that he received ineffective assistance of counsel. The postconviction court denied his petition on the grounds that it is time-barred, frivolous, and without merit. This appeal follows.

**D E C I S I O N**

Burks contends that the postconviction court erred by denying his petition for postconviction relief. A person who is convicted of a crime and who claims that the conviction violated his or her rights may file a petition for postconviction relief with the

district court. Minn. Stat. § 590.01, subd. 1(1) (2014). "A petitioner seeking postconviction relief has the burden of establishing, by a fair preponderance of the evidence," facts that would warrant a reopening of the case. *State v. Rainer*, 502 N.W.2d 784, 787 (Minn. 1993). We review a district court's summary denial of a postconviction petition for abuse of discretion. *Chambers v. State*, 769 N.W.2d 762, 764 (Minn. 2009).

"No petition for postconviction relief may be filed more than two years after the later of . . . the entry of judgment of conviction or sentence if no direct appeal is filed." Minn. Stat. § 590.01, subd. 4(a) (2014). A safe-harbor provision provides that any person whose conviction was final prior to the law's August 1, 2005, effective date has two years from the enactment of the law to file a petition for postconviction relief. *Moua v. State*, 778 N.W.2d 286, 288 (Minn. 2010).

Because Burks never filed a direct appeal, his conviction became final on July 1, 2002, the date that his sentence was executed. Because his conviction was final before August 1, 2005, Burks's two-year extension to file a postconviction petition under the statutory safe-harbor provision expired on July 31, 2007. Burks filed his petition on July 20, 2015. Because Burks did not file a timely petition, he qualifies for consideration of relief only if he can prove that an exception to the two-year time-bar applies to his case.

The statute provides five exceptions to the two-year time-bar. Minn. Stat. § 590.01, subd. 4(b) (2014). Burks does not invoke any of these exceptions.

Instead, he relies on the doctrine of equitable tolling to assert that his petition should be considered despite its untimeliness. "The doctrine of equitable tolling allows a court to consider the merits of a claim when it would otherwise be barred by a statute of

3

limitations."[1] *Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012). For this doctrine to apply, an appellant must demonstrate that "he was diligently trying to pursue relief on his claim during the limitations period and that a state actor or some other paramount authority prevented him from doing so." *Id.* at 562 (quotation omitted). "[T]he standard we have used to toll statutes of limitations is necessarily a high one." *Id.* at 561.

Burks provides no evidence that he was diligently trying to pursue relief during the limitations period or that some paramount authority kept him from doing so. He claims only that he "did not learn of definite collateral consequences of his plea until after the applicable statute of limitations had run." Thus, Burks asserts that the postconviction court erred by not holding an evidentiary hearing to determine whether he pleaded sufficient facts to justify the equitable tolling of the statute of limitations. Denial of a petition without a hearing is appropriate if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). The postconviction court did not abuse its discretion by declining to hold a hearing on the matter because advising Burks of the collateral

---

[1] The state asserts that the doctrine of equitable tolling is limited to the context of civil litigation. But equitable tolling has been applied to the federal habeas corpus statute. *See Roby v. State*, 808 N.W.2d 20, 30 (Minn. 2011) ("[T]he federal habeas corpus statute's time limit is tolled when a petitioner pursues his rights reasonably diligently but some extraordinary circumstance prevents him from filing his habeas corpus petition on time."). The Minnesota Supreme Court has stated that this doctrine may be applied under the right circumstances to toll the limitations period in a state claim under Minn. Stat. § 590.01, subd. 4. *Id.*; *see also Sanchez,* 816 N.W.2d at 561 (finding that "[t]he limited application of tolling in our case law is not dissimilar to the federal courts' application of equitable tolling in the context of the habeas corpus statute, the federal equivalent of our postconviction statute").

consequence of mandatory registration is not constitutionally required. It is well established that

> definite, immediate and automatic consequences must be punitive and a part of a defendant's sentence in order to constitute direct consequences for purposes of establishing manifest injustice to withdraw a guilty plea. The duty to register as a predatory offender is a regulatory rather than punitive consequence and therefore is a collateral consequence of appellant's guilty plea.

*Kaiser v. State*, 641 N.W.2d 900, 907 (Minn. 2002).

Counsel must advise clients of direct, not collateral, consequences of a guilty plea. *Sames v. State*, 805 N.W.2d 565, 568 (Minn. App. 2011). And it is undisputed that Burks was advised of the direct consequences of his guilty plea. Because there was no mandatory obligation to inform Burks of the collateral consequence of mandatory predator-offender registration, he cannot successfully raise this as a basis for an exception to the two-year time period in which to file for postconviction relief, even "in the interest of justice."[2]

Burks also contends that he should not have been required to register because his offense is not an enumerated offense listed in Minn. Stat. § 243.166, subd. 1b (2014). This argument is without merit. The statute requires registration if

> the person was charged with or petitioned for a felony violation of or attempt to violate, or aiding, abetting, or conspiracy to commit, any of the following, and convicted of or adjudicated delinquent for that offense *or another offense arising out of the same set of circumstances*:

---

[2] Burks did not affirmatively argue that the interests-of-justice exception applies to his case.

. . . .
(ii) kidnapping under section 609.25[.]

Minn. Stat. § 243.166, subd. 1b(a)(1) (emphasis added). It is undisputed that the terroristic-threats charge that Burks ultimately pleaded guilty to arose out of the same set of circumstances as the kidnapping he was originally charged with. *See State v. Lopez*, 778 N.W.2d 700, 706 (Minn. 2010) ("The 'same set of circumstances' provision in the statute requires registration where the same general group of facts gives rise to both the conviction offense and the charged predatory offense.").

Because the doctrine of equitable tolling does not apply to Burks's case and because there was no requirement to advise him of the collateral consequence of registration, the postconviction court did not err by denying Burks's petition without an evidentiary hearing.

**Affirmed.**