Michael Carrasco SONTOYA,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A12–0170.

Supreme Court of Minnesota.

May 1, 2013.

Gary R. Wolf, Wolf Law Office, Minneapolis, MN, for appellant.

Lori Swanson, Attorney General, Saint Paul, MN; and John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant Ramsey County Attorney, Saint Paul, MN, for respondent.

## OPINION

ANDERSON, G. BARRY, Justice.

Appellant Michael Carrasco Sontoya was convicted on May 14, 2009, of first-degree murder while committing first-degree criminal sexual conduct, Minn. Stat § 609.185(a)(2) (2012). He was sentenced to life in prison without the possibility of release. On direct appeal to our court, he challenged his conviction on several grounds but did not raise an ineffective assistance of counsel claim. *See State v. Sontoya,* 788 N.W.2d 868, 872, 874–76 (Minn.2010). We affirmed his conviction on September 16, 2010.[1] *Id.*

On September 16, 2011, Sontoya filed a petition for postconviction relief, asserting that he received ineffective assistance of counsel at his trial. According to Sontoya, his privately-retained attorney concealed a

purported conflict of interest stemming from counsel's representation of a cousin of Sontoya's victim in an unrelated federal narcotics case. The postconviction court denied Sontoya's petition without a hearing. Sontoya now argues that the district court abused its discretion in summarily denying his petition. Because his claim is barred by the *Knaffla* rule, we affirm.

■ Sontoya claims that prior to hiring his trial counsel, he asked whether counsel was representing the victim's cousin, E.R.R., in a narcotics case. Sontoya contends that counsel told him he was not representing E.R.R., when he was in fact representing E.R.R. in the federal narcotics case.[2] Sontoya asserts that this created a conflict of interest that, when combined with other purported errors, rendered counsel's performance ineffective, and that he is therefore entitled to a new trial.

■ We review a summary denial of a petition for postconviction relief for an abuse of discretion. *Davis v. State,* 784 N.W.2d 387, 390 (Minn.2010). We review a postconviction court's legal conclusions de novo, but will not reverse the postconviction court's factual findings unless those findings are clearly erroneous. *Reed v. State,* 793 N.W.2d 725, 730 (Minn.2010).

Postconviction proceedings are governed by Minn.Stat. ch. 590 (2012). The postconviction court must hold an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2012).

1. A detailed description of the underlying facts may be found in *Sontoya,* 788 N.W.2d at 870–72. We described the evidence of Sontoya's guilt as "overwhelming." *Id.* at 873.

2. While the timing of counsel's representation of E.R.R. in the federal drug case and counsel's representation of Sontoya on his first-degree murder charge is not clear, the two periods of representation overlap, if at all, only minimally, with the federal case concluding several months prior to Sontoya's trial.

■ Claims that were raised on direct appeal, or were known or should have been known but were not raised on direct appeal, are procedurally barred. *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976); *see also King v. State*, 649 N.W.2d 149, 156 (Minn.2002). But a claim is not *Knaffla*-barred if (1) the claim is novel; or (2) the interests of fairness and justice warrant relief. *Reed*, 793 N.W.2d at 730. Claims allowed under the second exception must have substantive merit and must be asserted without deliberate or inexcusable delay. *Wright v. State*, 765 N.W.2d 85, 90 (Minn.2009); *Deegan v. State*, 711 N.W.2d 89, 94 (Minn.2006).[3]

■ When a claim of ineffective assistance of trial counsel can be determined on the basis of the trial record, the claim must be brought on direct appeal or it is *Knaffla*-barred. *Sanchez–Diaz v. State*, 758 N.W.2d 843, 847 (Minn.2008); *Torres v. State*, 688 N.W.2d 569, 572 (Minn.2004). Sontoya asserts a number of deficiencies in the performance of his trial counsel that were apparent at trial, but concedes, as he must, that they are clearly *Knaffla*-barred.

We are thus left with only his conflict of interest claim. Sontoya claims that he was not aware of counsel's representation of the victim's cousin until after his direct appeal, and that the delayed discovery renders the *Knaffla* rule inapplicable. We disagree. *Knaffla* bars not only claims that were known at the time of direct appeal, but also claims that *should have* been known. *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. According to Sontoya's affidavit, submitted in connection with his request for an evidentiary hearing, he asked counsel, in the presence of several family members, specifically about counsel's representation of the victim's cousin in the narcotics case. Sontoya was aware of the narcotics case at issue, the involvement of the victim's cousin, and, in addition, he had reason to suspect that counsel represented the defendant in that case. The purported conflict, then, was not merely a publicly-available fact; it was an arrangement Sontoya had reason to suspect before retaining counsel, and that he failed to investigate (1) during counsel's allegedly deficient representation; (2) after his resulting first-degree murder conviction; and (3) during his direct appeal to our court, in which he was represented by appellate counsel from the public defender's office. Given all of these facts, we hold that Sontoya either knew or should have known about trial counsel's representation of the victim's cousin, and his claim is therefore barred by the *Knaffla* rule.

■ Even if we accept Sontoya's allegations that his trial counsel hid the alleged conflict of interest from him or that his trial counsel's active conflict of interest adversely affected counsel's performance, we conclude that the postconviction court did not abuse its discretion in summarily denying the petition. *See State v. Brocks*, 587 N.W.2d 37, 43 (Minn.1998) (stating when no objection is raised at trial to an alleged conflict of interest, the petitioner "must demonstrate that his counsel actively represented conflicting interests" (internal quotations omitted)). An "evidentiary hearing is not necessary if the petitioner does not allege sufficient facts to entitle

---

3. In 2005 the Legislature amended Minn.Stat. § 590.01, subd. 1 by adding a sentence providing that "[a] petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence." Act of June 2, 2005, ch. 136, art. 14, § 12, 2005 Minn. Laws 901, 1097. Based upon the 2005 amendments to the postconviction statute, it is unclear whether the *Knaffla* exceptions remain applicable to petitions for postconviction relief. Because that issue has not been raised by the State, we decline to reach it.

him to the requested relief." *McKenzie v. State,* 754 N.W.2d 366, 369 (Minn.2008). Sontoya argues that the conflict of interest led to counsel's failure to undertake "crucial but routine tasks" and a failure to "zealously defend" Sontoya. Yet Sontoya also concedes that these specific challenges to his counsel's trial performance are *Knaffla*-barred. We agree. "A claim of ineffective assistance of trial counsel that can be decided on the basis of the trial court record must be brought on direct appeal and is procedurally barred when raised in a postconviction petition." *Torres,* 688 N.W.2d at 572. Sontoya provides no reason why his procedurally-barred ineffective assistance of trial counsel claim should be resurrected based on counsel's representation in an unrelated matter of a distant relative of the victim whose only connection to Sontoya's case was familial. *See Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (stating "[T]he possibility of conflict is insufficient to impugn a criminal conviction"). In the absence of allegations that Sontoya would be entitled to relief on an otherwise procedurally-barred claim, the postconviction court did not abuse its discretion in summarily denying Sontoya's petition.

Because Sontoya's postconviction claim is barred by application of *Knaffla,* we affirm the judgment of the postconviction court.

Affirmed.

PAGE, Justice (concurring).

I agree with the court that Sontoya's claim that his trial counsel provided ineffective assistance, which he alleges resulted from his counsel's conflict of interest, is procedurally barred under *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741

(1976) (providing that all matters raised on direct appeal, and all claims that were known or should have been known but not raised on direct appeal, will not be considered upon a subsequent petition for postconviction relief). According to Sontoya, his counsel was ineffective by failing to take a number of actions that affected the outcome of his trial, including preparing him to testify, hiring an investigator, investigating the facts of the case, sharing discovery, filing pretrial motions, retaining a medical expert, calling favorable witnesses, and objecting to the medical examiner's testimony regarding the victim's cause of death. Each of these alleged failures took place before or during trial and were either known, or should have been known, by Sontoya and therefore could have been raised, but were not, at the time of Sontoya's direct appeal. Thus, Sontoya's ineffective-assistance-of-counsel claims are procedurally barred. For this reason, the postconviction court did not err when it denied Sontoya relief. *See Buckingham v. State,* 799 N.W.2d 229, 234 (Minn.2011) (holding that the postconviction court did not abuse its discretion in denying the petitioner's claims because they were barred under the rule of *State v. Knaffla* ).

Because Sontoya's ineffective-assistance-of-counsel claims are procedurally barred, I would affirm the postconviction court's denial of relief on that basis alone. The court's discussion of (1) whether Sontoya knew or should have known about the alleged conflict of interest at the time of his direct appeal, and (2) whether Sontoya alleged sufficient facts to be entitled to relief, is unnecessary. I, therefore, concur in the result only.

ANDERSON, Paul H., Justice (concurring).

I concur in the judgment of the majority, but write separately because I come to the same result on narrower grounds.

Under Minnesota law, defendants are entitled to petition for postconviction relief by claiming that "the conviction obtained or the sentence or other disposition" made violated the defendant's rights under the Constitution or laws of the United States or Minnesota, or if new scientific evidence emerges. Minn.Stat. § 590.01 subd. 1 (2012). The postconviction court must hold a hearing on such a petition "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04 (2012). But we have said that "[a] postconviction court ... need not hold an evidentiary hearing when the petitioner alleges facts that, if true, are legally insufficient to entitle him to the requested relief." *Bobo v. State*, 820 N.W.2d 511, 516 (Minn.2012).

Sontoya's conflict-of-interest claim does not meet our statutory threshold for a hearing because, even if the claim was proven to be true, it would not entitle Sontoya to postconviction relief. Such an analysis is sufficient to resolve the present case. As the majority notes, there is no merit to Sontoya's claim that an indirect potential conflict based on a loose familial relation with the victim would be sufficient for a finding of ineffective assistance of counsel. Both the United States Supreme Court and our court have held that the mere potential of a conflict is not sufficient to render counsel's performance constitutionally deficient. *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) ("[T]he possibility of conflict is insufficient to impugn a criminal conviction."); *accord Cuypers v. State*, 711 N.W.2d 100, 104 (Minn.2006) ("A Sixth Amendment violation can be demonstrated by showing that an *actual* conflict of interest adversely affected counsel's performance." (emphasis added)).

Sontoya's failure to meet the statutory threshold for a hearing should be the end of our court's inquiry for two reasons. First, we have held that "we need not decide whether ... claims are *Knaffla* barred [when] they fail on their merits." *Walen v. State*, 777 N.W.2d 213, 216 (Minn.2010). Second, if Sontoya's claim carried sufficient merit to survive our threshold analysis—and thus reach the *Knaffla* inquiry—I believe that on similar facts a defendant may well be entitled to a hearing on his or her petition for postconviction relief. Sontoya claims that his trial counsel lied to him and that he was deceived by his attorney's lies. By holding that Sontoya's claim is *Knaffla*-barred, the majority risks creating a high standard—too high for defendants seeking postconviction relief. I find it troubling to contemplate that we may be imposing a burden on criminal defendants to independently investigate and verify claims made to them by their trial counsel. I am particularly concerned because the seriousness of the charges against Sontoya most likely mean that he was incarcerated when he was allegedly lied to and thus had limited resources available to conduct any independent investigation of his trial counsel's alleged lies.

Nevertheless, the majority correctly concludes that the other bases for Sontoya's ineffective assistance of counsel claim *are* barred under *Knaffla*. The relevant events occurred at trial, which means that Sontoya was certainly aware of them. Once these alleged errors are stripped out of Sontoya's current petition, the petition fails on its merits. Where I part ways with my colleagues, however, is in looking at the core claim underlying the current petition: Sontoya's alleged deception at the hands of his trial counsel. If the consequences of that deception had been potentially prejudicial and survived our threshold analysis, I believe that a similar-

ly situated defendant may well be entitled to a hearing so that the court is in a position to understand more about the alleged deception, relevant time lines, and other matters.

An additional reason that I concur in the judgment is that, even though I would not reach the *Knaffla* analysis, and I am concerned that the majority is imposing a burden on criminal defendants, it is worth noting how narrow and fact-based the majority's *Knaffla* analysis is. Indeed, Sontoya—unlike similarly situated criminal defendants—*specifically* asked his trial counsel, in the presence of several family members, about the alleged conflict of interest.

For these foregoing reasons, I concur in the judgment.