*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1618**

State of Minnesota,
Respondent,

vs.

Allen Maurice Moffett,
Appellant.

**Filed June 13, 2016
Affirmed
Stauber, Judge**

Stearns County District Court
File No. 73-CR-15-2277

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, Michael J. Lieberg, Assistant County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Stauber, Judge.

UNPUBLISHED OPINION

**STAUBER**, Judge

Appellant argues that the district court abused its discretion by denying his motion for a downward durational sentencing departure and imposing the presumptive sentence. Appellant also raises several issues in a pro se supplemental brief. We affirm.

## FACTS

Appellant Allen Maurice Moffett was charged with violating an order for protection (OFP) after he called his ex-girlfriend, B.L.S., eight times between the early morning hours and noon on March 7, 2015. B.L.S. told police that Moffett appeared to be very intoxicated and that Moffett made several statements that led her to believe that he was outside her house and watching her. The OFP violation was charged as a felony because Moffett had at least two prior qualifying convictions. Before trial, the state indicated that it intended to impeach Moffett with prior convictions if he chose to testify, and that it would offer relationship evidence under Minn. Stat. § 634.20 (2014) that Moffett had assaulted B.L.S. on other occasions.

On June 2, 2015, Moffett entered a guilty plea, reserving the right to request a downward dispositional or durational departure at sentencing. On June 11, 2015, Moffett asked the district court to furlough him to treatment before sentencing, and the district court agreed to do so. During the treatment-intake interview, Moffett was uncooperative and refused to participate in the program because it was a 120-day program, not the 30-day program he anticipated. The district court rescinded the furlough.

2

On July 9, 2015, Moffett appeared for his sentencing hearing. His attorney requested a downward durational departure from the presumptive sentence of 27 months, arguing that Moffett's actions "in this matter are significantly less than the typical that are involved in a violation of an Order for Protection offense." The district court denied the motion and sentenced Moffett to the presumptive sentence of 27 months. Moffett appealed from the district court's sentencing order.

## D E C I S I O N

### I.

Moffett argues that the district court abused its discretion by denying his motion for a downward durational departure. We review the district court's departure decision for an abuse of discretion. *Taylor v. State*, 670 N.W.2d 584, 588 (Minn. 2003). A sentence within the applicable range set forth in the Minnesota Sentencing Guidelines is presumed to be appropriate. Minn. Sent. Guidelines 2.D.1 (2014). In order to depart from the presumptive sentence, the district court "must identify substantial and compelling reasons why the departure sentence is more appropriate than the presumptive sentence." *State v. Peter*, 825 N.W.2d 126, 129 (Minn. App. 2012), *review denied* (Minn. Feb. 27, 2013). A reason is substantial and compelling if it makes the case "atypical." *Id.* If the district court's basis for departure is improper or inadequate, or if there is not sufficient evidence to justify a departure, this court will reverse. *Id.* But, "[t]his court will not generally review a district court's exercise of its discretion to sentence a defendant when the sentence imposed is within the presumptive guidelines

3

range." *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010).

Moffett requested a durational departure. A durational departure relates to the length of the sentence, even if the length affects the classification of the crime. *Peter*, 825 N.W.2d at 130-31 (noting that imposition of a gross-misdemeanor sentence of less than one year instead of the presumptive felony sentence of a year and a day is a durational departure). "Requests for durational departures require the district court to consider whether the conduct involved in the offense of conviction was significantly more or less serious than the typical conduct for that crime." *Id.* at 130.

Here, Moffett's attorney argued at the sentencing hearing that Moffett's conduct was significantly less serious "than the typical that's involved in the commission of [violation of an OFP]." The district court commented, "I can't find that it's less serious than typical when it is what it is. I mean, that's what . . . an OFP violation is[:] contact." Although Moffett did not make physical contact with B.L.S. during the offense, he contacted her by telephone eight times between the early morning hours and noon, and B.L.S. believed that he was watching her house based on some of his comments. The OFP prohibited telephone contact and ordered Moffett to stay more than 1000 feet away from B.L.S.'s residence. Moffett's actions could have been more extreme, but they fall within the conduct prohibited under Minn. Stat. § 518B.01, subd. 14 (2014). The district court imposed the presumptive sentence, and this court generally does not find an abuse of discretion when the sentence is in the presumptive range. *Delk*, 781 N.W.2d at 428. Moffett has not demonstrated that this is the rare case when the imposition of the

4

presumptive sentence is an abuse of discretion. *See State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

## II.

Moffett raises several issues in his pro se supplemental brief. He argues for a downward departure, mainly based on offender-related factors that support dispositional departures, not durational departures. His arguments do not add anything to his attorney's analysis of the same issue.

Moffett asserts a claim of vindictive prosecution, noting that he pleaded guilty, demonstrated remorse, and apologized. "Typically, a presumption of vindictiveness arises when a defendant's exercise of a procedural right causes a complete retrial after he had been once tried and convicted." *Cuypers v. State*, 711 N.W.2d 100, 104 (Minn. 2006) (quotation omitted). But pretrial prosecutorial decisions do not generally support a claim of vindictiveness. *Id.* Moffett relies on pretrial matters, arguing that (1) he should have been charged with violating a harassment restraining order instead of an OFP; (2) the bail or bond amount was too high; and (3) the district court erred when it granted B.L.S. an OFP but denied him a reciprocal one.

Moffett's arguments lack merit. He violated an OFP, not a harassment restraining order, and, therefore, was properly charged. Once Moffett pleaded guilty, the bond or bail amount became irrelevant. And finally, his assertion that he was unfairly denied a reciprocal OFP is a collateral attack on the district court's OFP order. "As a general rule, a party's failure to appeal the issuance of a court order precludes a collateral attack on

that order in a subsequent proceeding." *State v. Ness*, 819 N.W.2d 219, 223 (Minn. App. 2012) (quotation omitted), *aff'd* 834 N.W.2d 177 (Minn. 2013).

**Affirmed.**