*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1402**

Howard William Amos, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 29, 2024**
**Affirmed**
**Connolly, Judge**

Hennepin County District Court
File No. 27-CF-16-23877

Howard W. Amos, Bayport, Minnesota (pro se appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Anna R. Light, Assistant County Attorney,
Minneapolis, Minnesota (for respondent)

        Considered and decided by Smith, Tracy M., Presiding Judge; Connolly, Judge; and

Jesson, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**CONNOLLY**, Judge

Appellant challenges the district court's denial of postconviction relief, arguing that he received ineffective assistance of trial counsel, his guilty plea was invalid, the prosecution committed discovery violations, and he should not be subject to the two-year time bar due to his mental illness. He also argues that the district court erred in denying his request for an evidentiary hearing. We affirm.

**FACTS**

According to the criminal complaint, police saw a black SUV operating recklessly one night in September 2016 in a north Minneapolis residential neighborhood, and they initiated a traffic stop with lights and siren. The SUV sped away from police, reaching speeds of approximately 60 miles per hour. The driver, appellant Howard Amos, failed to navigate a traffic circle, ran over a young woman, and crashed into a row of parked cars. He leapt from the SUV while it was still moving and continued his flight on foot. One officer attempted unsuccessfully to stop Amos with a taser. Amos then forced his way into a parked car occupied by three women and two children, attempting to steal the car with the occupants inside. Amos fought against the officers who tried to extract him from the car, but they eventually succeeded in subduing him.

The state charged Amos with attempted robbery and fleeing a police officer in a motor vehicle resulting in death. Minn. Stat. § 609.487, subd. 4(a) (2016); Minn. Stat. § 609.24 (2016). Amos pleaded guilty to the fleeing charge, and the district court sentenced him to 240 months in prison. During sentencing, the district court also issued a restitution

order directing Amos to pay a combined total of $10,435.74. Amos challenged the restitution order, maintaining that he lacked the ability to pay the amount ordered. The district court rejected the challenge as untimely under the 30-day challenge period in Minnesota Statutes section 611A.045, subdivision 3(b) (2018). Amos did not file a direct appeal.

Amos filed his first petition for postconviction relief in 2019. He was represented by counsel on this petition. Amos maintained that his guilty plea was invalid because he entered it while he was under the influence of prescription medication, and that his attorney had provided ineffective assistance of trial counsel during the plea hearing by failing to raise the medication issue. He also challenged the restitution order on the ground that it had no supporting evidence. The district court denied his motion for postconviction relief.

Amos appealed the district court's order. On appeal, this court rejected both the invalid plea argument and the ineffective-assistance-of-trial-counsel claims because Amos asserted only conclusory challenges to the district court's order, adding that it saw no facially apparent error. This court remanded the matter to the district court for reconsideration of the restitution order, concluding that the district court erred by issuing restitution without a factual basis. On remand, the district court denied Amos's motion opposing restitution. Amos did not appeal that decision.

Amos filed a second petition for postconviction relief in 2023. He again asserted claims of ineffective assistance of trial counsel and an invalid guilty plea, to which he added claims of a *Brady* violation, and prosecutorial misconduct; he also requested an evidentiary hearing. The district court denied his petition for postconviction relief,

3

determining that Amos's claims were procedurally barred, untimely, and lacked merit. The district court also denied Amos's request for an evidentiary hearing. This appeal follows.

**DECISION**

Amos challenges the district court's denial of his petition for postconviction relief. We review the district court's denial of a petition for postconviction relief for an abuse of discretion; the court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. *Peltier v. State*, 946 N.W.2d 369, 372 (Minn. 2020).

**I.      The district court acted within its discretion by summarily denying Amos's petition for postconviction relief as procedurally barred.**

Any claims that were raised or could have been raised on direct appeal are barred in a petition for postconviction relief. *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). A petitioner could have raised a claim on direct appeal if they "knew or should have known" about the claim at the time of the appeal. *Walen v. State*, 777 N.W.2d 213, 215 (Minn. 2010). Prior postconviction petitions are also subject to the *Knaffla* rule. *Hooper v. State*, 838 N.W.2d 775, 787-88 (Minn. 2013). A district court "does not abuse its discretion when it summarily denies a petition that is procedurally barred by the *Knaffla* rule." *Jackson v. State*, 919 N.W.2d 470, 473 (Minn. 2018) (citing *Colbert v. State*, 870 N.W.2d 616, 622 (Minn. 2015)). However, a *Knaffla*-barred claim may be considered if: "(1) the claim is novel; or (2) the interests of fairness and justice warrant relief." *Sontoya v. State*, 829 N.W.2d 602, 604 (Minn. 2013). The burden is on petitioner to demonstrate that "fairness requires consideration of such a claim." *Sanders v. State*, 628 N.W.2d 597, 600-01 (Minn. 2001).

4

Here, the district court determined that Amos's claims were procedurally barred under *Knaffla* and that Amos did not meet either of the exceptions to the rule because Amos failed to provide any "basis for concluding that his current claims are novel legal issues or should be addressed in the interest of justice." We agree.

As he argued in his first postconviction petition, Amos argues that his plea was invalid due to ineffective assistance of trial counsel. Amos is barred from relitigating issues that he raised in a prior postconviction petition. *See Knaffla*, 243 N.W.2d at 741; *see also* Minn. Stat. § 590.04, subd. 3 (2022) ("The court may summarily deny a second or successive petition for similar relief on behalf of the same petitioner."). In addition, Amos asserts that the state committed a *Brady* violation and also alleges prosecutorial misconduct. Amos is also barred from raising additional claims that were known to him, or should have been known to him, at the time of the first postconviction filing. *See Walen*, 777 N.W.2d at 215. Viewing the alleged facts in the light most favorable to Amos, each of the claims raised in this appeal was known, or should have been known, to Amos at the time of his first postconviction petition. Thus, Amos's claims are barred under *Knaffla*.

*A. Novelty*

For petitioner to succeed on a claim under the novelty exception, the claim must be "so novel that its legal basis was not reasonably available at the time of the direct appeal." *Greer v. State*, 673 N.W.2d 151, 155 (Minn. 2004). As the district court correctly recognized, Amos fails to provide any evidence, or advance any arguments, that his claims are so novel that he was prevented from making them in his first petition for postconviction relief. Thus, the novelty exception does not apply.

5

*B. Interests of fairness and justice*

Finally, a court may allow a *Knaffla*-barred claim if the interests of fairness and justice warrant relief. *Sontoya*, 829 N.W.2d at 604. To prevail, the petitioner must provide a "colorable explanation of why he failed to raise these claims previously." *Perry v. State*, 731 N.W.2d 143, 147 (Minn. 2007). Amos asks this court to grant his petition for postconviction relief "in the interest of justice," but fails to allege any explanation for his failure to meet the two-year statutory limit. The court may grant an exception in the interests of fairness and justice only for claims that have substantive merit. *See Colbert*, 870 N.W.2d at 626. We do not believe this to be such a case.

Accordingly, the district court did not abuse its discretion when it summarily denied the claims in the postconviction petition because the claims are procedurally barred by *Knaffla*.

**II.	The district court also acted within its discretion by summarily denying Amos's petition for postconviction relief as time barred.**

"No petition for postconviction relief may be filed more than two years after the later of: (1) the entry of judgement of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a) (2022). The two-year statute of limitations period to file a petition for postconviction relief begins to run 90 days after the conviction becomes final. Minn. R. Crim. P. 28.02, subd. 4(3)(a); *see Griffin v. State*, 961 N.W.2d 773, 776 (Minn. 2021). Absent an established exception, a postconviction petition filed after this period "must be dismissed as untimely." *Moua v. State*, 778 N.W.2d 286, 288 (Minn. 2010).

6

Amos was convicted by the district court on April 7, 2017. No direct appeal was filed, so his conviction became final 90 days thereafter, on approximately July 7, 2017. *See* Minn. R. Crim. P. 28.02, subd. 4(3)(a). While Amos's first petition, filed in March 2019, fell within the statutory timeline, his second petition for postconviction relief was filed in March 2023, which was 44 months past the two-year statutory deadline. As a result, all claims in Amos's second petition are time-barred unless he has adequately invoked an established statutory exception. *See* Minn. Stat. § 590.01, subd. 4(b) (2022).

Minnesota Statutes section 590.01, subdivision 4(b), provides a list of exceptions that allow a postconviction petition to be considered outside of the two-year statute of limitations. On appeal, Amos contends that his petition meets two exceptions: (1) "The petitioner establishes that a physical disability or mental disease precluded a timely assertion of the claim"; and (2) "[T]he petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interest of justice." Newly-discovered-evidence is a third exception. Minn. Stat. § 590.01, subd. 4(b). Although Amos did not assert this exception, the district court considered it in the interest of completeness.

*A. Mental disease*

On appeal, Amos raises for the first time the mental-disease exception to the statutory time bar. The state raises three objections. First, that Amos cannot raise on appeal claims that were not before the postconviction court. *See Azure v. State*, 700 N.W.2d 443, 447 (Minn. 2005) (explaining that a party may not raise issues for the first time on appeal from denial of postconviction relief). Second, Amos fails to explain why his mental health prevented him from timely asserting his claims. *See Brown v. State*, 863 N.W.2d 781, 787

(Minn. 2015) (explaining that a mental-health illness must make the petitioner unable to assert a timely claim). Third, that Amos's mental-health condition did not prevent him from filing a prior timely postconviction petition. Amos did not submit a reply brief to refute these positions, and we determine that they are all persuasive. Accordingly, Amos does not meet the mental-disease exception under Minn. Stat. § 590.01, subd. 4(b).

### B. Interests of justice

The district court also found that Amos's claim does not meet the interest-of-justice exception. Only in "exceptional and extraordinary situations" does the exception apply. *Carlton v. State*, 816 N.W.2d 590, 607 (Minn. 2012) (quotation omitted). Further, the interests-of-justice exception "is intended for injustices related to delays in filing a petition, not an injustice related to the merits of the petition." *Andersen v. State*, 982 N.W.2d 448, 456 (Minn. 2022).

To satisfy the interests of justice exception, the petitioner must first allege an injustice that prevented him from meeting the statutory time limit. *See Sanchez v. State*, 816 N.W.2d 550, 557 (Minn. 2012). The district court observed that Amos had previously raised an ineffective-assistance-of-trial-counsel claim in his first postconviction appeal. On the other claims, the court concluded that Amos had "fail[ed] to pinpoint an injustice that prevented him from meeting the primary postconviction deadlines" and concluded the legal theories presented were "frivolous." Amos asks this court to grant his petition for postconviction relief "in the interest of justice," but fails to allege on appeal any injustice that prevented him from meeting the two-year statutory bar. The interests of justice exception is limited to extraordinary circumstances. *Carlton*, 816 N.W.2d at 607. We do

not believe this to be such a case. Accordingly, we agree with the district court's conclusion that Amos does not meet the interests of justice exception under Minn. Stat. § 590.01, subd. 4(b).

*C. Newly-discovered-evidence*

To prevail on a claim under the newly-discovered-evidence exception, Amos must demonstrate that the evidence:

> (1) is newly discovered; (2) could not have been ascertained by the exercise of due diligence by the petitioner or the petitioner's attorney within the two-year time-bar for filing a petition; (3) is not cumulative to evidence presented at trial; (4) is not for impeachment purposes; and (5) establishes by the clear and convincing standard that petitioner is innocent of the offenses for which he was convicted.

*Riley v. State*, 819 N.W.2d 162, 168 (Minn. 2012). *See also* Minn. Stat. § 590.01, subd. 4(b)(2). "All five requirements must be met for this exception to apply." *Henderson v. State*, 906 N.W.2d 501, 506 (Minn. 2018). Amos argues that the state committed discovery violations in failing to disclose all exculpatory evidence and relevant documents pertaining to his case. Specifically, Amos contends that the state did not turn over search warrant reports and scientific testing concerning the 2006 GMC Yukon that he believes is exculpatory evidence to aid in his defense. The district court found that Amos's claim did not meet the newly-discovered-evidence exception because it failed to include "whether this evidence was recently discovered, how it was discovered, and whether it establishe[d] by [the] clear and convincing [standard] that he is innocent." We agree.

Amos alleges that the state committed discovery violations in failing to turn over search warrant reports and scientific testing concerning the 2006 GMC Yukon. However,

even taking the allegations to be true, Amos fails to satisfy three of the required prongs. First, he does not explain whether the evidence is newly discovered. Second, he does not explain whether the evidence could have been ascertained by the exercise of due diligence by Amos or his attorney within the two-year time bar for filing a petition. Third, he does not explain whether the evidence establishes by a clear and convincing standard that Amos is innocent of the offenses for which he was convicted. An appellate court will not address a mere conclusory assertion of error that is not developed into a legal argument. *See, e.g., State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006), *aff'd on other grounds*, 728 N.W.2d 243 (Minn. 2007). Therefore, Amos's claims do not satisfy the newly-discovered-evidence exception.

Accordingly, Amos's claims do not satisfy the mental-disease, interest-of-justice, or newly-discovered-evidence exceptions and the district court did not abuse its discretion when it summarily denied Amos's second postconviction petition as untimely under Minnesota Statute § 590.01, subdivision 4(b).

## III.     The district court acted within its discretion in finding that Amos was not entitled to an evidentiary hearing.

An evidentiary hearing is required when "material facts are in dispute which have not been resolved in the proceedings resulting in conviction and which must be resolved in order to determine the issues raised on the merits." *State ex rel. Roy v. Tahash*, 152 N.W.2d 301, 305 (Minn. 1967). To succeed in a postconviction petition, the petition must be "more than argumentative assertions without factual support." *Beltowski v. State*, 183 N.W.2d 563, 564 (Minn. 1971). While the court must consider facts in the light most favorable to

the petitioner, a court does not need to grant a hearing if the proceeding conclusively shows that the petitioner is not entitled to relief. *Riley*, 819 N.W.2d at 167; Minn. Stat. § 590.04, subd. 1. Further, a district court may summarily deny a claim that is untimely under the postconviction statute of limitations, or procedurally barred under *Knaffla*. Minn. Stat. § 5901.01, subd. 4(a); *Lussier v. State*, 853 N.W.2d 149, 153 (Minn. 2014); *Riley*, 819 N.W.2d at 170-71.

The district court denied Amos's request for an evidentiary hearing after finding that he failed to factually support his arguments and had not demonstrated to the court a valid basis on which he was entitled to relief. We agree and find that Amos's claims are both untimely under the postconviction statute of limitations and procedurally barred under *Knaffla*, and that he has failed to establish an exception that would entitle him to relief. Accordingly, the district court acted within its discretion in determining Amos was not entitled to an evidentiary hearing.

**Affirmed.**